IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES BURGE, | ) | CASE NO. 5:19CV1266 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JAY FORSHEY, WARDEN, | ) | |
| | ) | **REPORT AND RECOMMENDA-** |
| Respondent. | ) | **TION RE RESPONDENT'S MO-** |
| | ) | **TION TO DISMISS HABEAS** |
| | ) | **CORPUS PETITION** |

**I.**

This case illustrates why the Supreme Court created such a narrow gateway for equitable tolling of the one-year statute of limitations for claims of actual innocence. Petitioner Charles Burge admits he filed his petition outside the one-year period, but claims actual innocence to equitably toll the statute. His, however, is neither an exceptional case nor does it present the type of new reliable evidence the Supreme Court and this Circuit have said is necessary to pass through that narrow gateway. For the reasons I explain more fully below, I recommend that the state's motion to dismiss Burge's petition for federal habeas relief be granted.

1

## II.

***Burge's Petition for Federal Habeas Relief.***  On June 3, 2019, Burge filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  His petition stems from his October 2016 state court convictions on two counts of rape and one count of gross sexual imposition against his minor daughter.[2]  He is presently incarcerated at the Noble Correctional Institution,[3] and is serving two life sentences and an 18-month sentence, which are being run concurrently.[4]

Burge asserts both grounds in 28 U.S.C. § 2254(d) as alternative bases for his petition.[5]  He claims the adjudication of the criminal charges against him resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.[6]

Burge presents three grounds for habeas relief:

> **GROUND ONE:** the trial court erred in: (1) GRANTING [Assistant Prosecuting Attorney] Donnelly's **August 22, 2016** motion for "an order excluding from evidence in Burge's case any testimony of evidence regarding the alleged victim's **prior sexual history**, pursuant to R.C. 2907.02(D)" denying him a fair trial; (2) DENYING Burge's **September 12, 2016** motion "for an Order limiting the testimony of Alissa Edgein [a nurse practitioner with Akron

---

[1] ECF #1.
[2] ECF #7-6, at 156-57; ECF #7-7, at 8.
[3] *See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A691170, last accessed on 9/25/20.
[4] ECF #7-7, at 21.
[5] ECF #1, at 1.
[6] 28 U.S.C. § 2254(d)(1) and (2).

Children's Hospital]" denying him a fair trial; (3) DENYING Burge's **September 30, 2016** motion "to exclude any and all statements of the alleged victim in this case to Pam Spencer [a caseworker with the Stark County Department of Job and Family Services], Allyssa [sic] Edgein, and Carrie Schnirring [a psychology assistant at Northeast Ohio Behavioral Health]" denying him a fair trial; and **(IV)** overruling Burge's challenge for cause of juror 104 thereby denying him a fair trial, in violation of Burge's SIXTH and FOURTEENTH [sic] right to a fair trial [sic][7]

**GROUND TWO: PROSECUTORIAL MISCONDUCT** in violation of Burge's SIXTH AMENDMENT [sic] denying him a fair trial [sic][8]

**GROUND THREE: BURGE'S CONVICTIONS WERE BASED ON INSUFFICIENT EVIDENCE** in violation of the Due Process Clause of the FIFTH AMENDMENT for failing to prove beyond a reasonable doubt every element of the crimes with which he was charged [sic][9]

The District Judge referred this case to me by operation of our local rules on August 5, 2019.[10] That day, I issued an order to show cause that set forth a briefing schedule for Burge's petition.[11] After several requests for extensions of time, the state filed a motion to dismiss the petition.[12] After requesting an extension of his own, Burge timely filed his opposition to the state's motion on March 30, 2020.[13]

***The State's Motion to Dismiss.*** The state asks me to dismiss Burge's petition for two principal reasons. The state's first reason is that Burge filed his petition beyond the

---

[7] ECF #1, at 10 (emphasis in original).
[8] *Id.* at 20 (emphasis in original).
[9] *Id.* at 21 (emphasis in original).
[10] Local Rule 72.2.
[11] ECF #3.
[12] ECF #7.
[13] ECF #9.

one-year statute of limitations of 28 U.S.C. § 2244(d)(1).[14]  The state maps out this

argument with the following timeline calculation:

| The Ohio Court of Appeals, Fifth Appellate District affirms the judgment of the Stark County Common Pleas Court[15] | *on 9/26/17* | *statute of limitations begins to run at the end of this period* |
|---|---|---|
| *(additional days for filing an appeal to the Supreme Court of Ohio)* | *to 11/10/17* | |
| *(days without a pending filing)* | *to 1/10/18* | ***61 days*** |
| Burge applies to the Ohio Court of Appeals, Fifth Appellate District to reopen his case[16] | *on 1/10/18* | *statute of limitations tolled* |
| The Ohio Court of Appeals, Fifth Appellate District denies Burge's application to reopen his case[17] | *on 1/26/18* | |
| *(days without a pending filing)* | *to 4/20/18* | ***84 days*** |
| Burge files a notice of appeal and a delayed appeal with the Supreme Court of Ohio[18] | *on 4/20/18* | *statute of limitations tolled* |
| The Supreme Court of Ohio denies Burge's delayed appeal[19] | *on 6/6/18* | |
| *(days without a pending filing)* | *to 5/14/19* | ***342 days*** |
| Burge files his federal petition for writ of habeas corpus[20] | *on 5/14/19* | |

| Total days from the start of the statute of limitations to the filing of Burge's federal habeas petition, not including periods when the statute was tolled = | **<u>487 days</u>** |
|---|---|

The second reason for dismissal is that the state contends Burge's petition is

---

[14] ECF #7, at 10.
[15] ECF #1-2.
[16] ECF #7-2, at 153.
[17] *Id.* at 157.
[18] *Id.* at 160, 162.
[19] *Id.* at 187.
[20] ECF #1, at 25.  This is the date of the notarization on Burge's petition.

procedurally defaulted in its entirety.[21]  The state points to the fact that Burge failed to accomplish one complete round of state appellate review when the Supreme Court of Ohio denied Burge's application for a delayed appeal.[22]  It further argues that Burge cannot show cause and prejudice or a miscarriage of justice to excuse the default.[23]  In the state's view, Burge presents no basis for cause for a procedural default premised on an objective factor external to the defense.[24]  The state also argues there is no prejudice or miscarriage of justice because the Ohio Court of Appeals already found the evidentiary issues Burge raises in Ground One are either harmless or meritless; because Ground Two is conclusory and vague, and was not presented on direct appeal; and because the Ohio Court of Appeals already rejected the sufficiency of the evidence argument Burge presents in Ground Three.[25]

Burge acknowledges that he missed the filing deadline for his habeas petition.  "To be sure, my federal habeas petition is beyond the statutory one-year statute of limitations."[26]  He argues, though, that his showing of actual innocence equitably tolls the statute, thereby allowing me to consider his petition.[27]  He describes his petition as "a first federal habeas petition seeking consideration of defaulted claims based on a showing of actual innocence."[28]  He bases his actual innocence on new exculpatory evidence he claims

---

[21] ECF #7, at 18.
[22] *Id.* at 20.
[23] *Id.* at 19.
[24] *Id.* at 22.
[25] *Id.* at 23.
[26] ECF #9, at 1.
[27] *Id.*
[28] *Id.* at 5.

the prosecutor suppressed from the jury, "thereby making it more difficult for me to discredit this theory."[29]

The "new reliable evidence"[30] Burge presents consists of transcript excerpts from an earlier trial in the same state court involving a different defendant named Chad Medley who was charged with three felony counts of unlawful sexual conduct with a minor and a misdemeanor for sexual imposition.[31]  The case involved the same victim, Burge's daughter.  In May 2016, five months before Burge's trial, a jury acquitted Medley of all counts.  Burge contends this verdict was due to the fact that his daughter, who testified at Medley's trial as she did at her father's trial, was "found to have made false allegations, under oath, of crimes of similar import, in another case, against a person other than myself (Chad Medley).  Worse, the prosecutor . . . knew it."[32]

Burge's daughter testified in the earlier trial that the criminal conduct alleged in that case occurred "usually on snow days."[33]  The lawyers proffered an agreed exhibit of the snow days at the school the victim had attended.[34]  Burge now presents this evidence with his habeas petition to show his daughter is a liar, because there were no snow days during the span of her allegations.[35]  The state did not file a reply brief in support of its motion.

---

[29] *Id.* at 12.
[30] *Id.* at 1.
[31] *Id.* at 6.  *See also* ECF #9-1 and #9-2.  The earlier case is *State v. Medley*, Case No. 2015CR1943 (Stark Cty CP).
[32] ECF #9, at 6.
[33] ECF #9-2, at 1.
[34] *Id.* at 6.
[35] ECF #9, at 10.

## III.

*Proper Respondent for Petition.*  Before I begin my analysis of the state's pending motion to dismiss, I address one procedural issue regarding the respondent Burge names in his petition, Warden Tim Buchanan.[36]  According to the website of the Ohio Department of Rehabilitation and Correction, the current warden of the Noble Correctional Institution is Jay Forshey.[37]

Section 2243 of the United States Code, Title 28 provides that "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained."  It further requires that "[t]he person to whom the writ or order is directed shall make a return certifying the true cause of the detention."  This statute is needed for habeas relief to work.  The respondent must be the person with the ability to produce the petitioner before the Court.[38]

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained").  The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition.  This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court.  *Ibid.*  We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power

---

[36] ECF #1, at 1.

[37] *See* https://www.drc.ohio.gov/nci, last accessed on 9/25/20.

[38] *See*, *e.g.*, *Cedeno v. Gray*, No. 1:17CV949, 2018 WL 10150931, at *1 (N.D. Ohio Mar. 27, 2018), *report and recommendation adopted,* No. 1:17CV949, 2019 WL 6841797 (N.D. Ohio Dec. 16, 2019), *appeal dismissed,* No. 20-3098, 2020 WL 1951668 (6th Cir. Mar. 12, 2020).

to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary."[39]

Fed. R. Civ. P. 25 authorizes the remedy to rectify party alignment. The rule allows the substitution of parties under various circumstances, such as when an interest is transferred or when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office. Because I have no reason to question the accuracy of the ODRC's website, substitution of the proper respondent is appropriate. Warden Forshey is, therefore, the proper respondent in this case.

**Actual Innocence and Tolling the Statute of Limitations.** I focus on the state's first argument (untimely filing of the petition) in its motion to dismiss because that argument underlies much of the second argument (procedural default of the petition in its entirety). After all, the state bases its argument about Burge's procedural default in part on his failure to comply with the one-year statute of limitations. If Burge can manage to toll the statute of limitations, then a broader review of the procedural default the state contends occurred here would be in order.

Burge shares this same focus. He admits he missed the filing deadline for his federal habeas petition, and does not challenge the state's timeline or its calculation. I also find no reason to question the timeline's accuracy or the accuracy of the state's calculation. Instead, Burge rests his opposition to the state's motion to dismiss entirely on a claim of

---

[39] *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885) (emphasis added) and citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973)).

8

actual innocence.  As to the basic legal principles governing his argument in opposition, Burge cites for the most part the correct applicable cases.

The statute of limitations at issue here, 28 U.S.C. § 2244(d), "is subject to equitable tolling in appropriate cases."[40]  A petitioner, however, is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[41]  Our Circuit has cautioned that "equitable tolling relief should only be granted sparingly."[42]

Burge is not seeking just any kind of equitable tolling.  He bases his request on actual innocence.  "[A] credible showing of actual innocence [is] sufficient to enable a court to reach the merits of an otherwise procedurally-barred habeas petition."[43]  The exception the law creates serves as a gateway of sorts.  Once a petitioner makes a credible claim of actual innocence and passes through the gateway, he is then able to argue the merits of his underlying claims for post-conviction relief.[44]

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.[45]

---

[40] *Holland v. Fla.*, 560 U.S. 631, 645 (2010) (citations omitted).
[41] *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (emphasis omitted)). *See also Porter v. Owens*, No. 20-3341, 2020 WL 5647759, at *3 (6th Cir. July 16, 2020).
[42] *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  *See also Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005).
[43] *Souter*, 395 F.3d at 588 (citing *Schlup v. Delo*, 513 U.S. 298, 317 (1995)).
[44] *Schlup*, 513 U.S. at 315–16.  *See also McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).
[45] *Schlup*, 513 U.S. at 324.

To be successful with this particular variety of equitable tolling, Burge must also persuade me that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."[46]  The law is clear on another point: "actual innocence means factual innocence, not mere legal insufficiency."[47]  And the law intends these cases to "remain rare"[48] and the actual innocence exception to be applied only in the "extraordinary case."[49]

One question remains before I can determine whether Burge has met these thresholds for actual innocence tolling of the statute of limitations: does the actual innocence exception apply to the one-year statute of limitations in 28 U.S.C. § 2244(d), which Burge admits his late petition filing did not meet? Our Circuit has held that it does.[50] "The actual innocence exception would be limited to the rare and extraordinary case where a petitioner can demonstrate a credible claim of actual innocence and the one-year limitations window has closed."[51]

Burge fails on a number of fronts in his effort to demonstrate a credible claim of actual innocence.  As a consequence, the state's motion to dismiss should be granted.

First, the transcript excerpts from the earlier trial against Chad Medley are not the kind of evidence the law prescribes for making a credible claim of actual innocence to toll

---

[46] *Schlup*, 513 U.S. at 329.
[47] *Bousley v. United States*, 523 U.S. 614, 623 (1998).
[48] *Schlup*, 513 U.S. at 299, 321–22, 327.
[49] *Id.*
[50] *Souter*, 395 F.3d at 599.
[51] *Souter*, 395 F.3d at 600 (footnote omitted).  *See also Hertel v. Yost*, No. 20-3288, 2020 WL 5422430, at *3 (6th Cir. Aug. 7, 2020).

the statute of limitations. The victim's testimony from an earlier trial against another defendant does not constitute "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence."[52]

Second, contrary to Burge's assertions, the transcript excerpts from the earlier trial against Medley were not new, at least not to Burge's trial lawyers. The assertion Burge uses to buttress his actual innocence claim—his daughter is a liar, proven by the fact that a jury acquitted Chad Medley notwithstanding her testimony—is also nothing new. In fact, it appears from the record that Burge's lawyers chose not to seek the admission of the victim's earlier testimony during trial, even though the trial judge kept the door open to a renewed request as witnesses testified.

On September 6, 2016, the trial court held a hearing regarding the disclosure of certain medical and other interview records pertaining to the victim.[53] At that hearing, the trial court addressed other in limine issues regarding statements made by Burge's daughter during an interview with Elissa Edgein, a registered nurse from Akron Children's Hospital. The issue of the earlier trial against Medley came up.[54] The prosecutor informed the trial court that the state had filed a rape shield motion, because "this victim had already been

---

[52] *Schlup*, 513 U.S. at 324. *See, e.g., Souter*, 395 F.3d at 592 (finding that the defendant made a credible claim of actual innocence based on new reliable evidence consisting of "the changed testimony of Drs. Bauserman and Cohle [two key expert witnesses], the statements from the bottle manufacturer [a bottle caused the victim's wounds], the additional evidence of the forensic scientist and police laboratory technician, the photos of the bloody clothes—when taken together " 'chip[s] away' at the rather slim circumstantial evidence upon which [Souter] was convicted" (quoting from Magistrate Judge's report and recommendation)).
[53] ECF #7-3.
[54] *Id.* at 53.

through a jury trial with a subsequent allegation of sexual abuse."[55] The prosecutor was

talking about *State v. Medley*.  She continues:

> We would ask that any - - we are also aware, of course, that the
> Defense had asked for a transcript to be made of testimony from that
> prior proceeding.
> The State's position is that none of that should be relevant with
> regard to this case as that allegation was, A, subsequent to this
> allegation, B, there was no evidence put on at that jury trial in which
> the victim was proven to be false or had to have not been telling the
> truth for any reason, and the allegations involved completely different
> Defendants [sic].
> So we would ask that any mention of that action or any of that
> information be excluded from this trial.[56]

Burge's lawyers had obviously received the transcript from the earlier trial.  One of

his lawyers told the trial judge during that hearing that she was "about three-fourths of the

way through [the minor victim's] testimony from that other trial,"[57] "I am about three-

fourths through her testimony,"[58] and then agreed to provide the trial judge with a copy of

the transcript of the victim's earlier testimony.[59]  She added, "I don't think that anything

so far in her testimony in the other case is something I'm going to use."[60]  Even though the

state judge indicated he was "leaving that door open a little bit and I need to see that

testimony to make a fair decision,"[61] defense counsel never raised the issue, even at sidebar,

during the victim's testimony in Burge's trial.[62]

---

[55] *Id.*
[56] *Id.* at 53-54.
[57] *Id.* at 55.
[58] *Id.*
[59] *Id.* at 58.
[60] *Id.* at 57.
[61] *Id.*
[62] ECF #7-5, at 185-216.

<u>Third</u>, I am not persuaded that in light of the victim's testimony from the earlier trial against the other defendant, no juror, acting reasonably, would have voted to find Burge guilty beyond a reasonable doubt.  This very issue came up during another pretrial hearing held on October 5, 2016 when the trial judge dealt with a defense motion to admit the not guilty verdict in the earlier case "as it relates to the credibility of the alleged victim in this case and also as it relates to the credibility of Alissa Edgein."[63]

The prosecutor argued that "any testimony as it relates to the Chad Medley case, as referenced by the Defense, would be covered under that rape shield law."[64]  She also argued the rather obvious point that a not guilty verdict "does not, in fact, mean that the allegation made by [the minor victim] with regard to that Defendant, was a false allegation, it simply means that the Defendant was acquitted of the charges based on the jury's findings."[65]  The trial judge was persuaded, and ruled that the not guilty verdict "isn't going to be referenced in this trial."[66]  Although the trial judge again left the door open for future reconsideration, he made clear in his ruling that "[s]pecifically as it relates to credibility of this alleged victim, I can see no basis whatsoever for it coming in."[67]  That ruling is the correct one. The fact that Medley "was found not guilty does not mean innocent, it does not - - it just is a trial within a trial."[68]

---

[63] ECF #7-4, at 12.
[64] *Id.* at 13.
[65] *Id.*
[66] *Id.* at 14.
[67] *Id.*
[68] *Id.* at 16.

Furthermore, when it is closely examined, the victim's testimony from the earlier trial—even when it is tied to a not guilty verdict—is not that powerful.  It is certainly not of the type where no juror, acting reasonably, would have voted to find Burge guilty beyond a reasonable doubt if the trial judge had admitted it.

Burge focuses on the fact that in the earlier trial, his daughter testified that the alleged sexual acts with Medley usually took place on snow days, but snow days at her school did not match the days when the alleged criminal acts took place.[69]  That mismatch doesn't necessarily mean the victim lied, however.  The victim agreed with the prosecutor's characterizations that the alleged acts took place "usually on snow days."[70]  She later testified that "[s]ometimes on the snow days" she would be out of the house, sometimes sledding.[71]  And if she was not home, sometimes she would know where Medley was but "[n]ot all the time."[72]  In other words, there were no absolutes in these portions of the victim's testimony.

A reasonable juror could have taken the use of words like "usually" and "sometimes" literally, which meant there would not necessarily be a match between the days the alleged acts occurred and snow days at the victim's school.  A reasonable juror also might not have given much weight to the victim's testimony for a variety of reasons, including her youth, the embarrassment and shame she felt and the resulting but

---

[69] ECF #9, at 10.
[70] ECF #9-2, at 1.
[71] *Id.* at 5.
[72] *Id.*

understandable hesitancy to testify at all, and the possibility of fear of reprisal once she testified.

Even giving Burge the benefit of the doubt and assuming his daughter's testimony from the earlier trial had been admitted in Burge's trial, there still could have been jurors who, acting reasonably, would have voted to find Burge guilty beyond a reasonable doubt. The law is replete with examples where a witness falls far short of some theoretical standard of a perfect witness but is still credible at least in part.[73]  Just because a witness may not be believable on some things doesn't mean he or she loses credibility on all things. The exculpating nature of the victim's earlier trial testimony, even when linked to the not guilty verdict, is simply not as powerful as a credible claim of actual innocence requires.

Fourth, in his efforts to make a credible or colorable showing of his actual innocence, Burge overlooks the requirement that actual innocence for this type of showing must mean factual innocence, not mere legal insufficiency.  Yet his argument regarding the

---

[73] *See*, *e.g.*, *United States v. Burke*, 605 F. Supp. 2d 688, 698 (D. Md. 2009) ("[a]lthough the Defendant is far from a perfect witness, having admitted to lying about his identity and evading law enforcement for many years, the Court finds that his account of events is at least partially credible"); *United States v. Badger*, 983 F.2d 1443, 1457 (7th Cir. 1993) ([a]lthough Gomire [a drug trafficker] is by no means the perfect witness, his testimony was not so incredible that *Mesarosh* [*v. United States*, 352 U.S. 1 (1956)] requires him to be discredited"); *Ware v. United States*, 971 F. Supp. 1442, 1460 (M.D. Fla. 1997) (finding an individual at least partially credible despite prior inconsistent statements to law enforcement where individual took affirmative steps to rectify false statements).  *See also* SIXTH CIRCUIT PATTERN JURY INSTRUCTIONS – CRIMINAL – FED. JURY PRACTICE INSTRUCTIONS 1.07(1) Credibility of Witnesses: "Another part of your job as jurors is to decide how credible or believable each witness is.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions."

credibility of his daughter cannot mean factual innocence.  Even if we were to assume that everything the victim said at his trial was false, for example, Burge's argument still doesn't take into account all the other evidence besides the victim's testimony the state presented at Burge's trial.  A reasonable juror could have found the victim not to be honest or forthright for the reasons I set out earlier, but that reasonable juror still could have voted guilty based on the other evidence the state presented.[74]

Furthermore, Burge's theory, which posits that the victim could have been impeached with her testimony from the earlier trial together with the not guilty verdict there, doesn't necessarily mean a reasonable juror would then disbelieve everything the victim said.  In fact, even with impeachment, a reasonable juror might still have believed the victim in Burge's trial, because the allegations in the earlier trial were entirely different from those against Burge.  The failure to match snow days with days of criminal conduct alleged in the earlier case lies at the heart of Burge's actual innocence argument.  None of that is relevant to the allegations against Burge.  The state never alleged that Burge's criminal conduct was limited to snow days or to any other specified days for that matter or to only when his daughter was at home.  To the contrary, his daughter testified that some of the sexual misconduct took place outdoors.[75]

Burge is trying to get a second bite at the apple to counter the impact he felt from application of Ohio's rape shield law.  His lawyers understood the limits that law imposed

---

[74] *See* ECF #7-5, #7-6, and #7-7.
[75] *See*, *e.g.*, ECF #7-5, at 195.

on Burge's trial. "[W]e are aware of the limits that the Rape Shield law puts on us."[76] Burge wasn't so accepting of the law. But all of the discussion in his petition about the credibility of his daughter and possible use of her prior testimony at his trial[77] goes to the question of whether the state criminal proceedings against Burge were legally insufficient—not to the question of whether Burge actually committed the crimes. To paraphrase the judge presiding over Burge's trial, a finding of not guilty is not the same as a finding of actual innocence. By his argument on actual innocence, Burge is really challenging the rape shield law and the decision made by his lawyers not to try (again) to use the transcript of his daughter's earlier trial testimony together with the not guilty verdict in the earlier case to undermine her credibility. This goes to the possible legal insufficiency of his case, not to his actual innocence as tolling requires.[78]

Fifth, to toll the statute of limitations of 28 U.S.C. § 2244(d), Burge's petition must present an extraordinary case of actual innocence. "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable

---

[76] ECF #7-3, at 54.

[77] *See*, *e.g.*, ECF #9, at 1, 5-7, 11.

[78] *See*, *e.g.*, *Porter v. Owens*, No. 1:19CV210, 2020 WL 1083629, at *5 (N.D. Ohio Mar. 6, 2020), *certificate of appealability denied*, No. 20-3341, 2020 WL 5647759 (6th Cir. July 16, 2020) (accepting the Magistrate Judge's report and recommendation to grant the state's motion to dismiss where the petitioner tried to show actual innocence by arguing how he would offer a credible defense to the elements of his conviction, and holding that to successfully toll the statute of limitations on an actual innocence theory, the petitioner "must demonstrate his *factual* innocence with *new* evidence") (emphasis in original).

doubt.' "[79]  This high standard is appropriate, since Burge is asking me to exercise this Court's equitable powers to correct a miscarriage of justice by tolling a federal statute of limitations that otherwise bars his petition.  "AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made.  The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].' "[80]

Burge does not present this type of extraordinary case to warrant the exercise of the Court's equitable powers to toll the statute.  To be sure, Burge's petition is important—perhaps even extraordinarily so—to him.  He is after all serving a life sentence.  In the main, though, his petition presents a relatively common situation where a defendant tries to call into question the credibility of an important trial witness post-conviction.  A defendant in this situation typically argues that but for the witness's testimony at trial, the jury would have rendered a not guilty verdict.

Burge's case also presents a typical situation of dissatisfaction with the way an evidentiary issue was handled at trial.  Although Burge argues that the transcripts from the earlier trial in *State v. Medley* are new reliable evidence that demonstrates his actual innocence, Burge's lawyers raised with the trial judge in advance of Burge's trial the use of the not guilty verdict and the victim's testimony from the earlier trial.[81]  There was no

---

[79] *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329).
[80] *McQuiggin*, 569 U.S. at 394–94) (quoting *Schlup*, 513 U.S. at 329).
[81] *See* ECF #7-3, at 54-55; ECF #7-4, at 12-14.

cover-up as Burge contends.[82]

Burge's petition could be recast as a challenge to Ohio's rape shield law, but there's nothing extraordinary about that either. To be sure, the prosecutor used the law to keep certain evidence out of the jury deliberation room, and that may have prejudiced Burge. It's also possible Burge's daughter was not entirely honest in her testimony. But those actions and consequences go to the legal sufficiency of Burge's convictions, not to his factual innocence. Transcripts of trial testimony that were thoroughly reviewed by the trial court and counsel well in advance of trial are not the type of new reliable evidence that buttresses an actual innocence claims sufficient to support equitable tolling.

## IV.

Burge has not presented new reliable evidence concerning his factual innocence. Consequently, he cannot avoid the statute of limitations by a claim of actual innocence. For these foregoing reasons as explained more fully above, I recommend that the state's motion to dismiss Burge's petition[83] be granted. I further recommend that the named respondent be replaced by the name of the current warden of the Noble Correctional Institution, Warden Jay Forshey.

Dated: September 30, 2020                    s/ William H. Baughman, Jr.
                                             United States Magistrate Judge

---

[82] ECF #9, at 7.
[83] ECF #7.

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of service of this notice.  Failure to file timely objections within the specified time shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.[*]

---

[*] *See* Local Rule 72.3(b); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).